IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,** 455 Massachusetts Ave., N.W., Sixth Floor Washington, D.C. 20001<br><br>Plaintiff,<br><br>v.<br><br>**U.S. DEPARTMENT OF THE INTERIOR** 1849 C Street, N.W. Washington, D.C. 20240<br><br>Defendant. | Civil Action No. _____ |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") challenges the refusal of the U.S. Department of the Interior ("DOI"), to disclose to CREW four categories of records relating to Secretary Ryan Zinke's March 23, 2017 meeting with the American Petroleum Institute's board of directors at the Trump International Hotel – Washington, D.C.

2. This case seeks declaratory relief finding that DOI is in violation of the FOIA, 5 U.S.C. § 552(a)(3)(A), by refusing to provide CREW all responsive documents as well as injunctive relief ordering the defendant DOI to process and release to CREW immediately the requested records in their entirety.

**Jurisdiction and Venue**

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

4. Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

5. Defendant DOI is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701. DOI has possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA request.

**Factual Background**

6. On July 1, 2016, the Office of Natural Resources Revenue ("ONRR") of DOI published a notice in the Federal Register of a final rulemaking of regulations governing the valuation, for royalty purposes, of oil and gas produced from federal onshore and offshore leases and coal produced from federal and Indian leases. *See* Consolidated Federal Oil & Gas and Federal & Indian Coal Valuation Reform, 81 Fed. Reg. 43,338 (July, 1, 2016) ("2017 Valuation

Rule"). Part of the revenues collected by the federal government are shared with states and local governments. The purpose of the 2017 Valuation Rule was to ensure that federal, state, and local governments receive a fair price for royalties and leases of federal lands.

7. On December 29, 2016, the American Petroleum Institute ("API") filed a Petition for Review of ONRR's 2017 Valuation Rule in the United States District Court for the District of Wyoming. *See* Petition for Review, *American Petroleum Institute v. U.S. Dep't of Interior et al.*, No. 2:16-cv-316 (D. Wy. Dec. 29, 2016).

8. On May 19, 2017, the *Washington Post* published a story about Secretary Zinke's calendar for the months of March and April, which the agency released pursuant to a separate FOIA request. The *Washington Post* reported that Secretary Zinke had meetings with the leaders of businesses in several industries, including automobile dealers and builders, gun owners, marine owners, and oil and gas producers.

9. Secretary Zinke's calendar contains an entry for March 23, 2017, which reads as follows: "10:30 am – 11 am Address API Board of Directors Meeting." The calendar entry states that the location of the address was "Trump International Hotel Washington, D.C." and shows that Timothy Williams, DOI Deputy Director, Office of External Affairs, and Heather Swift, DOI Press Secretary, attended the Secretary's address; however, the calendar entry does not disclose who else attended the meeting. A spokesperson for DOI confirmed that Secretary Zinke did in fact meet with the American Petroleum Institute at the Trump International Hotel – Washington D.C. on March 23. The spokesperson also stated that Secretary Zinke spoke about his goals for DOI and for American energy and that the meeting had been vetted by DOI's ethics office.

10. On the same day that Secretary Zinke met with API at the Trump International Hotel – Washington D.C., DOI filed a motion to stay *American Petroleum Institute v. U.S. Dep't of Interior* for 90 days to develop a notice of proposed rulemaking to repeal the 2017 Valuation Rule. Repealing the 2017 Valuation Rule would have the effect of mooting API's case against DOI.

11. On March 24, API issued a press release praising DOI's plans to repeal its regulation on valuing royalties from oil and natural gas produced on federal lands.

12. On August 7, DOI published a final rule in the Federal Register repealing the 2017 Valuation Rule.

13. API's filings pursuant to the Lobbying Disclosure Act of 1995 show that it spent $2,690,000 on lobbying in the first quarter of 2017 and $2,170,000 on lobbying in the second quarter of 2017.

14. Although President Donald J. Trump has transferred management of the Trump International Hotel – Washington D.C to his two eldest sons and promised not to take profits from the hotel during his term, President Trump has retained his ownership interest in the venture.

15. The Domestic Emoluments Clause of the U.S. Constitution provides: "The President shall, at stated Times, receive for his Services, a Compensation, which shall neither be increased nor diminished during the Period for which he shall have been elected, and he shall not receive within that Period any other Emolument from the United States, or any of them." The Clause protects against self-dealing by precluding the President from receiving any benefit from his Office other than as the fixed compensation prescribed in advance by Congress.

16. On May 23, CREW sent a FOIA request via electronic mail to DOI's Office of the Secretary requesting four categories of records:

(1) Copies of Secretary Ryan Zinke's address at the American Petroleum Institute's board of directors meeting at the Trump International Hotel – Washington, D.C. on March 23, 2017;

(2) Copies of any documents received by Secretary Zinke and/or his staff during the March 23, 2017 meeting at the Trump International Hotel – Washington, D.C.;

(3) Copies of any documents describing the attendees at the March 23, 2017 meeting at the Trump International Hotel – Washington, D.C., the agenda of the meeting, and/or any planned follow up actions by DOI; and

(4) Copies of any records documenting payments made by DOI to the Trump International Hotel – Washington, D.C., in relation to the March 23, 2017 meeting.

17. CREW sought a waiver of fee associated with processing its request. CREW explained that the requested records likely will contribute to the public understanding of who from the board of the American Petroleum Institute Secretary Zinke met with and what he discussed with them. The records will also increase public knowledge about how DOI communicates with oil and gas industry stakeholders in private about public policy generally and about the 2017 Valuation Rule more specifically. In addition, the records will increase public understanding of the Secretary's relationship with industry groups that would benefit enormously from policies that he is pursuing. Finally, the records will demonstrate whether President Trump received emoluments from DOI in conjunction with Secretary Zinke's visit to the Trump International Hotel – Washington D.C.

18. By electronic mail on June 22, 2017, DOI acknowledged receipt of CREW's May 23 FOIA request. DOI stated that it had classified CREW's request as a "media use request" and that CREW's request would not result in any fees. DOI advised that CREW could "expect to hear from us promptly regarding the outcome of this search" but also notified CREW that DOI

would be taking a "10 workday extension under 43 C.F.R. § 2.19" and that CREW's request would be processed "under the 'Complex' processing track."

19. CREW has received no further communications from DOI regarding its May 23 FOIA request.

20. CREW has now exhausted all applicable administrative remedies.

**PLAINTIFF'S CLAIM FOR RELIEF**

**CLAIM ONE**
**(Wrongful Withholding of Non-Exempt Records)**

21. Plaintiff repeats and re-alleges paragraphs 1-20.

22. Plaintiff properly asked for records within the custody and control of DOI.

23. Defendant DOI wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for making a determination on FOIA requests, and by withholding from disclosure records responsive to plaintiff's FOIA request.

24. By failing to release the records as plaintiff specifically requested, defendant violated the FOIA.

25. Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the requested records.

**Requested Relief**

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Order defendant DOI to immediately and fully process plaintiff's May 23 FOIA request and disclose all non-exempt documents immediately to plaintiff;

(2) Issue a declaration that plaintiff is entitled to immediate processing and disclosure of the requested records;

(3) Provide for expeditious proceedings in this action;

(4) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5) Award plaintiff its costs and reasonable attorneys' fees in this action; and

(6) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Conor M. Shaw
(D.C. Bar No. 1032074)
Anne L. Weismann
(D.C. Bar No. 298190)
Citizens for Responsibility and
  Ethics in Washington
455 Massachusetts Ave., N.W.
Washington, D.C. 20001
Phone: (202) 408-5565
Facsimile: (202) 588-5020
cshaw@citizensforethics.org

Dated: September 27, 2017         *Attorneys for Plaintiff*